UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CRIMINAL NO. 03-189(DRD) |
| Plaintiff, | * | |
| v. | * | |
| SAMUEL PEÑA-RUIZ, | * | |
| Defendant. | * | |

**OPINION AND ORDER DENYING RECONSIDERATION
OF BAIL PENDING SENTENCING**

Pending before the court is co-defendant, Samuel Peña-Ruiz's, Motion Requesting Expedited Reconsideration of Release Pending Sentencing, Docket No. 747, and the United States' Opposition thereto, Docket No. 750. The Motion for Reconsideration is **DENIED**. The court briefly explains.

The motion is for release pending sentence regulated under 18 U.S.C. 1343(a)(2)A(i), (ii), and (B). Subsection 3143(a)(2)(A)(i)(ii) and (B) applies because the defendant was found guilty of a crime under Section 3143(a)(2). That is the defendant was found guilty by a unanimous jury of an offense under either Section (A), (B), ( C) or (D) of Subsection (f)(1) of the Bail Reform Act. In this particular case defendant Peña-Ruiz was found guilty of a crime under Subsection ( C) of Section (f)(1), that is a violation of the Controlled Substances Act under 21 U.S.C. 801 et sec. or the Controlled Substances Import and Export Act, 21 U.S.C. 951, carrying a term of imprisonment of ten or more years. See 18 U.S.C. f(1)( C). There is one

aggravating factor, defendant, because of the large drugs amounts involved, faces an extremely high sentence under the Advisory Guidelines which constitutes a "presumptatively reasonable" sentence under 18 U.S.C. 3553 pursuant to Rita v. United States, ___U.S.___, 127 S. Ct. 2456, 2463-67 (2007).

As a consequence of the crime there is a statutory mandate to imprison the defendant. The statute mandates that the defendant must be "detained unless" he complies with three criteria, the first is under 18 U.S.C. 1343(a)(2)(A)(i): "The judicial officer finds that there is substantial likelihood for acquittal or new trial." The court finds this probability slim and further no motion has been filed to sustain the likelihood of acquittal. The court is aware that defendant's former counsel acted as DEA informer for the DEA in a case in Ponce but not related to this case. Further the principal witnesses,[1] in fact all witnesses, operational witnesses as to the drug transactions involved in the instant conspiracy, stated not knowing former defendant's counsel or even speaking to him about any matter whatsoever relating to the instant case or any other case. The court found originally that the conduct of the former counsel acting as agent was unrelated to this case, (see Docket No. 625), and any potential evidence that may have been obtained from former counsel was ordered to be barred.[2]

---

[1] The principal witnesses were cooperator Elizar García de la Rosa, who reiterately retained private commercial jet airline companies to transport the drug, who traveled to N.Y.C. various times in the private planes transporting drugs, kept airline contracts and hotel receipts, and who stated that the drugs were stached prior to airplane delivery to New York City at defendant's Samuel Peña-Ruiz's business; the girl friend of defendant Elizabeth Calero, who stated that defendant stached drugs at her apartment and another named cooperator Carmelo García.

[2] The former counsel provided evidence as to his client, Samuel Peña Ruíz, related to potential money structuring in a totally unrelated case.

Further the court used by analogy the case of Kastigar v. United States, 406 U.S. 441 (1972). In Kastigar the court stated, in these type of circumstances, that the United States had "the burden of showing that their evidence is not tainted by establishing that they had **independent** and **legitimate** sources for the disputed [tainted] evidence." (Emphasis ours.) The Supreme Court subsequently held in Nix v. Williams, 467 U.S. 431, 444 (1984) that tainted evidence is also to be authorized if the proof is found to be "inevitably [to be] discovered evidence . . . because the police would have obtained that evidence [anyway]." The Magistrate Judge held hearings concluding the evidence was unrelated and further excluded other evidence that the United States had also accepted not to be used as potentially derived from the former counsel. After the first hearing, the District Court, in a *de novo appeal* of the Magistrate's Order, determined the evidence to be unrelated and excluded the same evidence as the Magistrate Judge. The court then subsequently held a Kastigar hearing immediately prior to trial to satisfy, seating all prospective witnesses to be satisfied, that the United States had proven that the evidence as to all witnesses was in fact independent and legitimate not having the former lawyer as source for said evidence. (See Docket No. 672, Order, and Docket 690, Hearing).[3]

Further, the court provided an instruction wherein the jury was free to reject any evidence they understood to be tainted (Docket 720, Instruction No. 31). The court finds that the government produced a strong case as to defendant's guilt supported by witnesses that participated in the case and/or were close friends of

---

[3] The court was satisfied after cross-examination that the evidence was not tainted under Kastigar. No evidence was covered under the Nix doctrine.

defendant (defendant's girl friend).

The second criteria to be satisfied in order to grant bail to a defendant found guilty under 18 U.S.C. 3142(f)(1)( C) (control substances violation carrying a sentence of ten years or more) is that the government pursuant to Section 3143(a)(2)A(ii) must also recommend "no sentence of imprisonment." The government has stated the opposite, (Docket No. 752, p. 2).

Finally, the third requirement for bail to be satisfied by defendant under Section 3142(a)(2) (B) is that the court must find "by clear and convincing evidence" that defendant is "not likely to flee" and "is not a danger to any other person or the community." The court fails to reach said threshold. First, defendant is likely to flee since he has been convicted of a crime that precisely activates a rebuttable presumption "to flee." See United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. O'Brien, 895 F.2d 810, 814-815 (1st Cir. 1990). The rebuttable presumption is precisely as to "flight risk" and "danger" to the community. United States v. Jessup, 757 F.2d 378, 381-384 (1st Cir. 1985). Further, the defendant is facing a long sentence due to the amount of drugs amounts involved in the conspiracy that he reasonably "could have foreseen to be embraced within the conspiracy." United States v. Santos, 357 F.3d 136, 140 (1st Cir. 2004).

Hence, defendant is in fact a "flight risk" as envisioned in Jessup, Id.

Further, defendant constitutes a "danger" to the community by the rebuttable presumption stated in Jessup, Id. as he has in fact been convicted by a jury of participating in a long standing conspiracy involving large quantities of drugs and facing a sentence of at least ten years. Further, in United States v. De León, 766

F.2d 77, 81 (2nd Cir. 1985) the court stated that "it is clear that [harm] to society caused by narcotic trafficking is encompassed within Congress' definition of danger [to the community]."

Hence, the requirement under Section 3143(a)(2)(B) is also not met inexorably causing the court to conclude that the defendant is to remain detained.[4]

IT IS SO ORDERED.

At San Juan, Puerto Rico, this 15th day of January 2008.

s/ Daniel R. Domínguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**

---

[4] The law requires that once a defendant is covered by being found guilty of a crime under 18 U.S.C. 3142 (f)(1)( C) (controlled substances violation carrying a ten or more years sentence), all the three criteria under 18 U.S.C. 3143(a)(2)(A)(i), (ii) and (B) be strictly complied. That is, criteria (A)(i) (likelihood of acquittal) must be met as well as A(ii) (no sentence of imprisonment to be recommended by the government), must be also satisfied and finally criteria 3143(a)(2)(B) (not likely to flee and not a danger to the community) must also be present. The court finds that defendant fails as to all criteria.